

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD–0162–14

**BRANDON SCOTT BLASDELL, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE NINTH COURT OF APPEALS
MONTGOMERY COUNTY**

**MEYERS, J.,** filed a dissenting opinion.

## DISSENTING OPINION

The trial court excluded the defense expert's testimony regarding the weapon-focus effect, finding that the testimony was not relevant. The court of appeals agreed. We remanded the case to the court of appeals for a determination regarding the reliability of the evidence. On remand, the court of appeals concluded that the defense did not provide sufficient information to allow the trial court to determine that the expert's testimony was reliable, and the trial court did not abuse its discretion in excluding the

testimony. The majority has joined the court of appeals in seconding that opinion.

The record indicates that at a hearing outside the presence of the jury, the court questioned the defense expert witness about the weapon-focus effect:

THE COURT: Okay. Then that's — weapon focus issue. Do you have any specific opinion that that happened in this case, the weapon distracted or reduced the focus on the person's —

EXPERT: Yes.

THE COURT: — face?

EXPERT: Yes.

THE COURT: Do you have an opinion? Tell me about that.

EXPERT: Well, she identified that — the weapon on the description sheet as a revolver.

THE COURT: And that — and that alone, you're saying, based on your studies, et cetera, would indicate that —

EXPERT: It tells me that she did look at the gun.

THE COURT: Well, but ultimately we're talking about misidentification or bias or whatever you want to call it, with respect to a photo spread and her identification as to the photo spread. Do you have an opinion that that played a role in this case or just that it could because we know generally that's something that happens?

EXPERT: I'd say it would have to be a "possibly."

THE COURT: "Possibly." Okay.

Based upon the conduct of the hearing, it is clear that the reliability of the weapon-focus effect was never challenged, by the court or by the State. The court even said, "we know

generally that's something that happens" in questioning the expert about the weapon-focus issue, and the State never objected to this questioning. Because the judge was the one asking the expert his opinion about the weapon-focus effect, the defense was not required to lay the foundation for the reliability of the theory. The trial court's ruling was that the evidence was not relevant to this particular case, but the reliability of the theory itself was never disputed. I think it is totally wrong and unfair for the court of appeals and the majority to procedurally default the Appellant in this case for something that the trial court never even called into question. Therefore, I respectfully dissent.

Filed: September 16, 2015

Publish